[Civ. No. 9878. Second Appellate District, Division Two.—April 23, 1935.]

GEORGE ALEXANDER, a Minor, etc., Appellant, v. HAL ROACH STUDIO, INC. (a Corporation), Respondent.

Torchia & Sefman and Ernest M. Torchia for Appellant.

Kidd, Schell & Delamer and Benjamin W. Shipman for Respondent.

CRAIL, J.—This appeal is from a judgment upon a directed verdict in favor of the defendant Hal Roach Studio, Inc., after the evidence of the parties was closed.

Defendant-respondent obtained the temporary use of certain vacant land near its studios in Culver City for the purpose of photographing war scenes for a motion picture. A powder expert was employed by the studio to handle the explosives. He made bombs which he exploded at the command of the director by means of a battery connected with them. When the war scenes were finished and as a preliminary to vacating the premises defendant's employees went over the ground to see that no unexploded bombs remained. After defendant left the premises and within the next two months, one celebration at least was held on the premises by others than defendant. Later the plaintiff, a boy of fourteen years, and his younger half-brother went on the lot to play. The boys were trespassers and to get on the lot the boys climbed through a barb-wire fence. Plaintiff found what proved to be an unexploded bomb. He was of average intelligence for his age and he had been injured before while playing with powder. He picked it up, unwound the tape on it, and found on the inside a grayish cardboard cylinder with a cork in one end. Plaintiff pulled out the cork and the thing exploded in his hand. This bomb was not of the same type as that used by defendant on the lot. Plaintiff called as one of his witnesses, Alfred Fahey, the powder expert employed by defendant. Mr. Fahey described the type of bombs which he made for use in defendant's picture. They were altogether different in design. None of the explosives used by defendant would go off from concussion or anything except fire or a hot spark.

We have read the briefs and the transcript of the evidence. There must be more than surmise and conjecture. Viewing the evidence in the light most favorable to the plaintiff we see no substantial evidence which would sustain a finding that the defendant was guilty of negligence.

"The case may be withdrawn from the jury where the evidence is undisputed or is of such conclusive character that the court, in the exercise of a sound discretion, would be compelled to set aside a verdict returned in opposition to it." (24 Cal. Jur. 914.)

Judgment affirmed.

Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1935.